CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 04, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Neilson F. Bevier, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:26-cv-00184 |
| | ) | |
| Captain T.N. Bailey, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nelson F. Bevier, III, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, complaining that Defendant Captain T.N. Bailey did not mail his legal mail. Defendant Bailey moved to dismiss this action (Dkt. 13), asserting that Bevier's claim fails to establish a plausible claim of entitlement to relief. For the following reasons, the court will grant the motion.

### I. Background

Bevier originally submitted a complaint in this action which stated only that Defendant Bailey took a piece of outgoing mail on one occasion and then failed to process it or mail it. (Dkt. 1.) The court issued an order informing Bevier that his complaint did not identify an alleged constitutional violation and advised him that the court needed additional facts to determine whether a viable claim under § 1983 had been stated. (Dkt. 6.) The court directed Bevier to file an amended complaint. (*Id.*) Bevier then filed an amended complaint, which claims the same act by Bailey and contends, without any explanation, that the lost or

confiscated legal mail kept him from being exonerated of his criminal charges. (Dkt. 7 at 5.) Bailey moved to dismiss the amended complaint. (Dkts. 13, 14.) Bevier did not oppose the motion to dismiss. The court agrees with Bailey that the amended complaint fails to establish a plausible claim of entitlement to relief, and the court will therefore dismiss this action.

## II. Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556, 557 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *See King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

As noted by the court in its initial order, claims relating to legal mail can implicate the First Amendment[1] to the United States Constitution when an inmate's access to the court system is thwarted or meritorious claims are impacted. (Dkt. 6 at 1–2.) Generally, prisoners have a "right of access to the courts" under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish an unconstitutional burden on the right of access, a prisoner "must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)).

The complaint must contain specific allegations of the injury arising from the denial of this access. *See Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001) (granting summary judgment against inmate's legal access claim contending that confiscated "stored data" would "set him free" because this conclusory claim was insufficient to establish actual injury). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Accordingly, the cause of action in the underlying litigation, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415. A viable complaint must contain a sufficient description of the underlying claim to permit an assessment of whether it is "nonfrivolous" or "arguable." *Id.* The underlying cause of action must be "described well enough to apply the

[1] The amended complaint also invokes the Eighth Amendment. (Dkt. 7 at 9.) The Eighth Amendment's "prohibition of cruel and unusual punishments" prevents prison officials from "us[ing] excessive physical force against prisoners," and "imposes duties" on them to provide "adequate food, clothing, shelter . . . medical care, and . . . safety" for those prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). It does not apply to the facts asserted about legal mail.

'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

When a plaintiff fails to supply information sufficient to allow the court to apply the "nonfrivolous" and "arguable" tests, the claims should be dismissed. *See Nealson v. Cole*, No. 7:24-cv-00799, 2026 WL 659410, at *3 (W.D. Va. Mar. 9, 2026) (dismissing legal access count when plaintiff failed to identify any underlying nonfrivolous claim); *Via v. Cabell*, No. 3:20-cv-00511, 2022 WL 256280, at *3 (E.D. Va. Jan. 26, 2022) (dismissing legal access count when plaintiff had "not described the claims that he plan[ned] to raise, much less established that they [were] non-frivolous").

Bevier's amended complaint does not satisfy the actual injury requirement as it does not identify or describe any nonfrivolous or arguable claim that was adversely affected by Bailey's alleged actions. Although Bevier claims that Bailey prevented him from "being able to get exonerated on [his] criminal case," (Dkt. 7 at 5), this conclusory allegation does not allow the court to evaluate whether Bevier had stated a nonfrivolous claim challenging his criminal conviction. Further, Bevier does not allege that he lost such a challenge, and he does not describe how Bailey's conduct caused him to lose any underlying challenge. Because Bevier has not included factual allegations to show an underlying nonfrivolous action, the loss of such action, or causation of the loss by Bailey's conduct, he has failed to state a claim upon which relief can be granted.

## IV. Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant Bailey's motion to dismiss without prejudice and **DIRECTS** the Clerk to close this case.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Bevier.

**IT IS SO ORDERED**.

**ENTERED** this 4th day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE